UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-5798-SVW (KK)** | Date: | August 22, 2019 |
| Title: | *Sammy Lee Morris v. R. Yavari, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why Plaintiff's Equal Protection Claims and Right to Privacy Claims Are Not Barred By Res Judicata

**I.
INTRODUCTION**

Plaintiff Sammy Lee Morris ("Plaintiff") filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants R. Yavari, B.A. Gonzales, and D.J. Williams ("Defendants"). Based upon the Court's review of the Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, several claims appear barred by res judicata, and hence, subject to dismissal. As set forth below, the Court hereby grants Plaintiff an opportunity to voluntarily dismiss the barred claims and proceed on the remaining Eighth Amendment deliberate indifference claim against Defendants.

**II.
PROCEDURAL HISTORY**

On June 24, 2019, Plaintiff, an inmate at CSP-Corocan, constructively filed[1] the instant Complaint against Defendants in their individual capacity. ECF Docket No. ("Dkt.") 1. Plaintiff appears to allege violations of his right to privacy under the Eighth and Fourth Amendments, right

---

[1] Under the "mailbox rule," when a pro se inmate gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (stating the "mailbox rule applies to § 1983 suits filed by pro se prisoners").

(continued . . .)

to equal protection under the Fourteenth Amendment, and right to be free from cruel and unusual punishment under the Eighth Amendment.  Id.

The body of the Complaint setting forth the factual allegations, however, appears to be an identical[2] photocopy of the Third Amended Complaint ("TAC") submitted by Plaintiff in previously filed action with this Court, Case No. CV 16-5547-SVW (KK).[3]  Case No. CV 16-5547-SVW (KK), Dkt. 19, TAC.  In that case, "Plaintiff's privacy and equal protection claims [were] dismissed from the Third Amended Complaint with prejudice and without leave to amend."  Case No. CV 16-5547-SVW (KK), Dkt. 24, Order.

## III.
## DISCUSSION

"Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."  Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (quoting Western Radio Servs. Co. v. Glickman, 123 F.3d 1189, 1192 (9th Cir. 1997)).  Res judicata applies to bar an action when there is: (1) "identity or privity between parties"; (2) "an identity of claims"; and (3) "a final judgment on the merits."  Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).

"[I]f a court is on notice that it has previously decided the issue presented, the court may dismiss the action sua sponte, even though the defense [of res judicata] has not been raised.  This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste."  Arizona v. California, 530 U.S. 392, 412, 120 S. Ct. 2304, 147 L. Ed. 2d 374 (2000), supplemented, 531 U.S. 1, 121 S. Ct. 292, 148 L. Ed. 2d 1 (citations omitted).  However, the parties should have an opportunity to be heard prior to a court's sua sponte dismissal based on res judicata.  See Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1055 (9th Cir. 2005); see also Cramer v. Dickenson, No. 1:08-CV-00375-AWI, 2013 WL 127639, at *2 (E.D. Cal. Jan. 9, 2013), report and recommendation adopted sub nom. Cramer v. Dickinson, No. 1:08-CV-00375-AWI, 2013 WL 1192402 (E.D. Cal. Mar. 21, 2013), aff'd, 586 F. App'x 381 (9th Cir. 2014).

### A.  IDENTITY OR PRIVITY BETWEEN PARTIES

Privity exists when "a person [is] so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved."  United States v. Bhatia, 545 F.3d 757, 759 (9th Cir. 2008) (quoting In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997)).  Federal courts have deemed certain kinds of relationships "sufficiently close" to justify a finding of privity, including "a non-party whose interests were represented adequately by a party in

---

[2] Other than the case caption, execution date, and additional attachments submitted therewith, the body of the Complaint is identical to the body of the TAC.  Compare Dkt. 1 at 8-20, with Case No. CV 16-5547-SVW (KK), Dkt. 19, TAC at 8-20.

[3] The Court takes judicial notice of Plaintiff's prior proceedings in this Court.  Fed. R. Evid. 201(b)(2); In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

the original suit." In re Schimmels, 127 F.3d at 881 (quoting Southwest Airlines Co. v. Tex. Int'l Airlines, Inc., 546 F.2d 84, 95 (5th Cir.), cert. denied, 434 U.S. 832 (1977)).

Here, Plaintiff sues the same three Defendants in their individual capacity in both actions. Hence, the "identity of parties" element of res judicata is met.

## B. IDENTITY OF CLAIMS

In considering whether a present dispute concerns the same claims as a prior case, the Ninth Circuit considers:

> (1) Whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. The last of these criteria is the most important.

Headwaters, 399 F.3d at 1052 (quoting Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir. 1982)).

"Whether two suits arise out of the 'same transactional nucleus' depends upon 'whether they are related to the same set of facts and whether they could conveniently be tried together.'" ProShipLine Inc. v. Aspen Infrastructures Ltd., 609 F.3d 960, 968 (9th Cir. 2010) (quoting W. Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992), as amended (June 23, 1992)). "In most cases, 'the inquiry into the "same transactional nucleus of facts" is essentially the same as whether the claim could have been brought in the first action.'" Turtle Island Restoration Network v. U.S. Dep't of State, 673 F.3d 914, 918 (9th Cir. 2012) (quoting United States v. Liquidators of European Fed. Credit Bank, 630 F.3d 1139, 1151 (9th Cir. 2011)). "[W]here claims arise from the same factual circumstances, a plaintiff must bring all related claims together or forfeit the opportunity to bring any omitted claim in a subsequent proceeding." Id.

Here, the body of the instant Complaint is identical to the TAC, and thus contains identical allegations and claims arising out of a May 26, 2015 incident. While the Complaint also includes additional documents that were not submitted with the TAC, such documents do not set forth any new or additional facts related to Plaintiff's previously-dismissed privacy or equal protection claims, but instead appear to demonstrate Plaintiff's efforts to administratively exhaust his grievances.[4] Hence, because both actions arise from the same set of factual circumstances and involve the "same transactional nucleus," the "identity of claims" element of res judicata is met.

## C. FINAL DECISION ON THE MERITS

---

[4] Plaintiff attaches to the Complaint a number of grievances, appeals and other documents. He also submits what appears to be a declaration regarding the improper screening and unavailability of administrative remedies. See Dkt. 1 at 46-49. This declaration does not allege any facts related to Plaintiff's right to privacy or equal protection claims.

"[A] dismissal for failure to state a claim is an adjudication on the merits" for purposes of res judicata. Bailey v. Zimmer, 993 F.2d 881, 881 (9th Cir. 1993) (citing Fed R. Civ. P. 41(b)) (holding district court did not err in dismissing an action under res judicata doctrine where prior action was dismissed "with prejudice for lack of jurisdiction and for failure to state a claim" thus constituting a decision on the merits); see also Fed R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.").

Here, the Court dismissed Plaintiff's privacy and equal protection claims with prejudice and without leave to amend for failure to state a claim. Case No. CV 16-5547-SVW (KK), Dkt. 24, Order; Dkt. 21, R&R at 14. Thus, the Court's May 3, 2017 Order dismissing Plaintiff's privacy and equal protection claims with prejudice constitutes a final decision on the merits. Bailey, 993 F.2d at 881; Fed. R. Civ. P. 41(b).

Hence, the doctrine of res judicata bars Plaintiffs from re-litigating his right to privacy and equal protection claims set forth in the Complaint.

## IV.
## ORDER

For the foregoing reasons, the above referenced claims are subject to dismissal. Accordingly, IT IS ORDERED THAT **within twenty-one (21) days of the service date of this Order,** Plaintiff choose one of the following two options:

1. Plaintiff may voluntarily dismiss the previously litigated privacy and equal protection claims, pursuant to Federal Rule of Civil Procedure 41(a). The Clerk of Court is directed to mail Plaintiff a blank Notice of Dismissal Form, which the Court encourages Plaintiff to use if he chooses to voluntarily dismiss the barred claims.

If Plaintiff would like to proceed in this action on the current Complaint containing only the Eighth Amendment deliberate indifference claim against Defendants, Plaintiff shall file the Notice of Dismissal voluntarily dismissing his privacy and equal protection claims from the Complaint.

2. Alternatively, Plaintiff may file a First Amended Complaint to attempt to cure the deficiencies discussed above. The Clerk of Court is directed to mail Plaintiff a blank Central District civil rights complaint form to use for filing the First Amended Complaint, which the Court encourages Plaintiff to use if he chooses to file a First Amended Complaint.

If Plaintiff chooses to file a First Amended Complaint, he must clearly designate on the face of the document that it is the "First Amended Complaint," it must bear the docket number assigned to this case, and be written on the court-approved form. Plaintiff shall not include new defendants or allegations that are not reasonably related to the claims asserted in the Complaint. In addition, the First Amended Complaint must be complete without reference to the Complaint, or any other pleading, attachment, or document.

An amended complaint supersedes the preceding complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). After amendment, the Court will treat all preceding complaints as

**nonexistent**.  Id.  Because the Court grants Plaintiff leave to amend as to all his claims raised here, any claim raised in a preceding complaint is **waived** if it is not raised again in the First Amended Complaint.  Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir. 2012).

The Court advises Plaintiff that it generally will not be well-disposed toward permitting further leave to amend if Plaintiff files a First Amended Complaint that continues to include claims which have already been adjudicated on the merits, or are otherwise subject to dismissal.  "[A] district court's discretion over amendments is especially broad 'where the court has already given a plaintiff one or more opportunities to amend his complaint.'"  Ismail v. Cty. of Orange, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); see also Ferdik, 963 F.2d at 1261.  Hence, if Plaintiff asserts a claim in a First Amended Complaint that has been found to be barred, or otherwise subject to dismissal, then the Court is likely to dismiss such claims with prejudice.

**Plaintiff is explicitly cautioned that failure to timely respond to this Order will result in the barred claims being dismissed with prejudice.**

**IT IS SO ORDERED.**